A. B. NORTON ET AL. v. F. A. DAVIS.

No. 813.

1. **Supersedeas Bond—Rent of Land Pending Appeal—Improvements.**
Where, in trespass to try title, plaintiff obtains judgment for the land, and defendant for the value of improvements, and defendant appeals, executing a supersedeas bond, conditioned to pay plaintiff the rental value of the land pending appeal, if the judgment be affirmed, it is no defense to an action on such bond that the premises had no rental value aside from the improvements, and that the possession of the land was surrendered when the judgment for the value of the improvements .was paid to defendant.

2. **Same—Improvements Made Pending Appeal.**
Where a defendant who has recovered judgment for the value of improvements appeals from the judgment against him for the land, and, pending such appeal, places. further improvements on the land, he is not entitled to recover the value of such later improvements, or have it set off against the rents that accrued pending the appeal.

3. **Same—Time for Which Rent is Recoverable—Conveyance of the Land.**
In an action on a supersedeas bond given on appeal for the rental value of the land in controversy, plaintiff is entitled to recover such rental value from the time the appeal was taken to the filing in the court below of the mandate of the Supreme Court, and this right is not defeated by the fact that plaintiff had conveyed the land after the appeal was taken and before the filing of the mandate, where the grantee· had assigned to plaintiff the rents due to the time when the mandate was filed.

APPEAL from Dallas.   Tried below before Hon. R. E. BURKE.

*R. R. Neyland* and *Word & Charlton*, for appellants. — 1.   The· court erred in rendering judgment for rents against defendants because, the evidence, and the findings of the jury showed that the land, exclusive of and aside from the improvements of the land, made thereon in good faith by defendant, yielded no rent, and that Norton never held nor claimed the land nor improvements, after the money for said. improvements had been deposited with clerk of the District Court of Hunt County.

2.   It was error to render judgment for rents, because it was Norton's improvements that produced the rent, and Norton never held nor claimed the improvements after the money for said improvements was paid by Francis A. Davis, as required by the decree of the District Court of Hunt County.

*Cobb & Avery*, for appellee.—1.   Where the judgment in trespass to try title is in favor of plaintiff for the land, and in favor of defendants for the value of the improvements, from that time forward the title to the land is in plaintiff, and he is entitled to the rents and the title to the improvements is in defendants, and he is entitled to interest thereon. Rev. Stat., art. 4816.

2.   A defendant in trespass to try title cannot recover for improvements placed on lands pending suit.   Henderson v. Owenby, 56 Texas, 647.

3.   If the right to rents passed from F. A. Davis to Cobb by her

deed, then it passed back to her by his deed, and her right to action on the bond for the rents was complete. Railway v. Bremond, 66 Texas, 159; White v. Downs, 40 Texas, 232; Kerr v. Paschal, 1 Posey, 693; George v. Tate, 12 Otto, 564; 1 Am. and Eng. Ency. of Law, 844.

NEILL, ASSOCIATE JUSTICE.—This suit was instituted by Francis A. Davis on the 22d of April, 1893, against A. B. Norton, as principal, and the sureties upon his supersedeas bond described in our second conclusion of facts, to recover the value of the rent of the land during the time the judgment was suspended by operation of the appeal in which the bond was executed.

A. B. Norton answered by a general denial, and plead specially: (1) that Francis A. Davis on the 13th day of August, 1891, conveyed the land on which the rents were claimed by her deed of general warranty to Charles C. Cobb, and therefore had no claim for the rents thereof; (2) that in the suit wherein the judgment for the land was rendered he recovered judgment against the plaintiff for $850, the value of improvements placed on the land by him in good faith; that by reason thereof he had the right to hold the improvements without charges until the judgment for their value was paid; that the land, exclusive of the improvements, yielded no rent, and that as soon as Mrs. Davis paid the judgment for them, he surrendered possession of the premises; and (3) that in June or July, 1891, he built an independent line of fence on the premises which gave to the land whatever rental value it had; that when the plaintiff took possession of the land, she tore down the fence and converted it to her use, to his damage in the sum of $400.

By a supplemental petition filed by plaintiff, she excepted, (1) to so much of defendant's answer as set out the judgment for his improvements and averred his right to continue in possession of the improvements without paying rent until the judgment was satisfied; (2) to that part of the answer which sets up a claim for placing a fence upon the land and damages for its conversion, because the facts plead show that the fence was erected after the land was adjudged to her; (3) in reply to the plea of her sale of the land to Cobb, she plead that prior to the institution of this suit he assigned to her all his rights to the rents sued for; (4) she plead in answer to defendant's claim for building the fence, that it was constructed without her consent, after she had recovered judgment against him for the land; that she never undertook to pay for the same and was not liable therefor; that the claim for the fence was barred by the statute of limitation of two years; and, (5) that Norton and his sureties having given the supersedas bond and thereby retained possession of the land and enjoyed the fruits and rents thereof, were estopped from denying their liability therefor.

A. B. Norton died pending the suit, and Wm. N. and Anthony B. Norton, his sole heirs and devisees, were made parties defendant in his stead.

The special exceptions of the plaintiff to defendants answer were over-

ruled, and upon the trial special issues were submitted to the jury, and on their finding of fact mentioned first in our eighth conclusion of facts, judgment was rendered in favor of the plaintiff for $292.92, which was for the rental value of the premises from the time the appeal was taken until they were conveyed by plaintiff to Cobb, together with interest thereon at legal rate.

Upon overruling separate motions for new trial, made by both plaintiff and defendants, both parties gave notice of appeal, filed separate appeal bonds, assignments of error, and are all here as appellants, complaining of the judgment of the District Court—the contention of plaintiff being, that judgment should have been rendered in her favor for the value of the rent, use and occupation of the land from the time the appeal was taken up to the time the mandate of the Supreme Court was filed in the District Court of Hunt County, with interest, upon the finding of the jury mentioned second in our eighth conclusion of facts; and, of the defendants, that no judgment should have been rendered against them at all.

*Conclusions of Fact.*—1. · On February 17, 1891, F. A. Davis recovered a judgment in the District Court of Hunt County, Texas, against A. B. Norton for a tract of 1642 acres of land situated in Rockwall County, Texas, and in the same suit A. B. Norton recovered against her a judgment for $850, the value· of improvements made by him in good faith upon the land.

2.  On February 18, 1891, A. B. Norton, who was the defendant in the suit, filed a supersedeas bond for the sum of $4100, payable and conditioned as required by law, with R. R. Neyland, I. Popper, J. J. Mathews and W. W. Williams as sureties, and prosecuted an appeal from said judgment to the Supreme Court of Texas.

3.  On January 19, 1892, this judgment so appealed from was affirmed by the Supreme Court, and on the 12th of March, 1892, the mandate from that court was issued, which was, on April 1, 1892, filed in the District Court of Hunt County, Texas.

· 4.  On May the 26th, 1892, F. A. Davis, in said cause, deposited with the clerk of the District Court of Hunt County, $936.76, the amount of principal and interest of the judgment recovered by Norton against her for the value of the improvements made in good faith by him on the land which she had recovered by said judgment. On the same day a writ of possession was issued in the case by the clerk of said court and returned by the sheriff of Rockwall County unexecuted on June 25, 1892.

5.  On August 22, 1892, another writ of possession was issued in said cause in favor of F. A. Davis out of said court, and returned by the sheriff of Rockwall County, Texas, executed on November 15, 1892.

6.  On August 15, 1891, F. A. Davis, by general warranty deed conveyed to Chas. C. Cobb the 1642 acres of land above referred to, which she had recovered in the suit from A. B. Norton, and on April 20, 1893,

Chas. C. Cobb sold, transferred and assigned to F. A. Davis all the right, title and claim that he might have to any rents issuing out of, or arising from said land prior to the recovery of its possession from A. B. Norton.

7. After the cause now before us on appeal was instituted, A. B. Norton died, and Anthony B. Norton and Wm. N. Norton are his sole heirs and devisees, each of whom has actually received from A. B. Norton's estate property exceeding in value the amount sued for. There are no claims outstanding against A. B. Norton's estate, except the one involved in this suit, and no administration has been applied for or taken out on said estate, nor is there any necessity for administration thereon. It is admitted by Wm. N. and Anthony B. Norton that if A. B. Norton, in his life time, was liable on the cause of action sued upon, the same liability now rests upon them.

8. Upon special issues submitted by the court, the jury found the following facts, which are supported by the evidence: (1) That the reasonable value of the rent, use or occupation of said 1642 acres of land from February 17, 1891, to August 15, 1891, was $246.30; (2) that the reasonable value of the rent, use or occupation of the land from February 17, 1891, to April 1, 1892, the date of filing the mandate in the District Court of Hunt County, was $554.17; (3) that while in possession during the pendency of the appeal in the Supreme Court, A. B. Norton built a fence on one side of the land, which was reasonably worth $75, and contributed to the value of the use, rent or occupation of the land $75. (4) Aside from the improvements, the land had no rental value from the date of appeal to the date of depositing the money adjudged to Norton for the value of the improvements in the District Court of Hunt County. (5) Norton ceased to possess and claim the land after May 26, 1892.

Other facts were found upon special issues submitted, but as they are not pertinent to any question raised on this appeal, it is unnesessary to notice them.

*Conclusions of Law.*—Our consideration of the assignments urged by the defendants on their appeal will determine all the questions raised by the plaintiff in hers, except that as to the period of time she is entitled to recover rents. We will therefore first dispose of the defendants' case.

They contend that it was error to render any judgment against them because the evidence and findings of the jury show the land, aside from the improvements placed thereon by A. B. Norton, yielded no rent, and that as he never held the land nor improvements after the money awarded him by the judgment was deposited with the clerk, neither he nor his bondsmen were liable for the rents. This contention involves the proposition that where, in an action of trespass to try title, the plaintiff recovers judgment for the land and the defendant for the value of his improvements made in good faith, the latter, by an appeal, if the rental

value is given by the improvements, can hold the premises free of rent until the judgment against him is affirmed and the adjudged value of the improvements discharged.   This proposition rests neither upon principle, nor authority.   When one appeals from a judgment against him for land, and by a supersedeas bond obligates himself to prosecute his appeal with effect, and in case the judgment of the appellate court shall be against him, to perform its judgment, sentence or decree, to pay all such damages as said court may award against him, and to pay to the appellee the value of the rent of the land in any suit which may be brought therefor, he suspends the right of him in whose favor the judgment appealed from was rendered to have the ordinary fruits of his judgment, and to have the necessary process by which they alone can be obtained.   Gruner v. Westin, 66 Texas, 214.   The rightful owner of land is the owner of the improvements made thereon without his consent, and our statute which entitles a defendant in trespass to try title to pay for his improvements in good faith does not change the common law and make the improvements his.   Bonner v. Wiggins, 52 Texas, 128.   While the statute recognizes the defendant's equity to compensation, it requires the value of the use and occupation to be assessed and set off against it.   The judgment of the District Court having been suspended on appeal by the supersedeas bond, and, during its pendency, the plaintiff thereby prevented from paying the assessed value of the improvements and obtaining a writ of possession for her land of which the improvements were a part, the defendant having failed to prosecute his appeal with effect, must discharge the obligation of his bond by paying the plaintiff the value of the rent during the pendency of the appeal, notwithstanding such value may have been given the premises by the improvements.   The acceptance by Mr. Norton of the improvement money with interest thereon from the time judgment was rendered until the money was paid into court—it being longer than a year—is inconsistent with his contention that he had the right to hold the improvements free of rent during the pendency of the appeal; for he could not consistently receive interest on the value of the improvements and at the same time claim he was entitled to hold them free of rent during the period the interest accrued.

Mr. Norton was not entitled in this suit to recover from the plaintiff the money expended by him in building a fence on the premises during the time the cause was in the Supreme Court on appeal.   He knew then, or should have known, the land was not his, and that he could not, with such knowledge, burden the plaintiff with another charge on it for improvements under the guise that they were made in good faith.   There can be no merit in the contention that Mrs. Davis had no right to the rent, because during the pendency of the appeal she sold the land.   The land was hers from the time of the appeal until it was sold and her rights to the rents in the meantime was an incident of her ownership.

There is no error in the judgment appealed from by the defendants,

and, were it not for the fact that it has been also appealed from by the plaintiff, it would be affirmed.

The insistence of plaintiff on her appeal, as before stated, is that judgment should have been rendered in her favor for the value of the rent and occupation of the land from the time the appeal was taken in the other case up to the time the mandate of the Supreme Court was filed in the District Court of Hunt County. We think the obligation of the defendants to her on the supersedeas bond requires at least this much of them. They bound themselves to pay her ("the appellee") "the value of the rent of the land in any suit that might be brought therefor," and as they bound themselves so should they be bound. Upon this obligation suit could have been brought and maintained in her name for the use of her vendee of the land, if not directly by himself; for certainly defendants were not discharged of their obligation under the bond by plaintiff's sale of the premises pending the appeal. It was not so nominated. The obligation being to pay the rents during the time they suspended the judgment, which was from its rendition until the mandate of the Supreme Court was filed, and the rents having been assigned plaintiff by her vendee, she was entitled to enforce it. And the jury having found their value during this period to be $554.17, the judgment of the District Court is set aside and judgment is here rendered in favor of the plaintiff against the defendants on the verdict of the jury for said sum, with interest thereon from April 1, 1892, at the rate of 6 per cent. per annum.

*Reformed and rendered.*